## LEE v. BREEZLY.

1. **Evidence**: IMPROPER ADMISSION: PREJUDICE. Where a party is entitled to recover under the undisputed facts of the case, the admission of improper evidence in his favor is error without prejudice.

2. ————: CONTRACT: OPINION OF ATTORNEY. The contents of a written contract cannot be established by evidence of the legal construction put upon it by an attorney.

3. ————: TAXES: CERTIFICATE OF PURCHASE. A certificate of purchase at tax sale is admissible to show the amount of taxes due upon the land covered thereby, for the year for which the sale was made.

*Appeal from Story District Court.*

FRIDAY, OCTOBER 22.

ACTION on the covenant against incumbrances in a conveyance of real estate. Trial to the court, judgment for the plaintiff, and defendant appeals.

*L. Irwin,* for appellant.

*J. L. Dana,* for appellee.

SEEVERS, J.—I. The deed upon which the action was brought was executed on the 5th day of November, 1875,

1. EVIDENCE: improper admission: prejudice.

and the plaintiff claims to recover an amount he claims to have paid in liquidation of the taxes for that year. The defendant pleaded that a written contract for the sale of the premises had been executed in the October previous, and thereunder he was not bound to pay the taxes, and that the deed was made in pursuance of said contract.

The plaintiff in a reply alleged the defendant agreed to pay the taxes, and that a provision to that effect had been omitted from the written contract by mistake.

Evidence was introduced, to which the defendant objected, tending to establish the truth of the reply. Conceding such

evidence was inadmissible, it was not prejudicial because the plaintiff was entitled to recover on the undisputed facts.

The execution of the conveyance having been admitted, the plaintiff, upon its introduction in evidence, was entitled to recover unless the defendant established the contract, and proved its contents to be as claimed by him. This he failed to do. The theory of the defendant was that, as the contract of sale was made in October, and contained no provision he was to pay the taxes for that year, he was not liable. We are not prepared to say this is not correct. But the difficulty

2. ———: contract: opinion of attorney. is the contract was not introduced in evidence, nor its contents established. The only evidence on this subject was that of Mr. Fitchpatrick, who we believe is an attorney at law, that the contract was shown him, and that he had expressed the opinion the defendant was not bound to pay the taxes. This was insufficient, because Mr. Fitchpatrick's legal opinion as to the construction of the contract was not binding on the plaintiff. ·

II. To establish the amount paid, the plaintiff offered in evidence certain tax certificates of redemption from a sale

3. ———: taxes: certificate of purchase. made for non-payment of taxes. The only objection made to this evidence was that it was immaterial, which was overruled, as we think properly. The certificates are not fully set out in the abstract. They must be presumed to be such as are required to be made under Code, § 891. They, therefore, must have contained the date of the sale, and the amount for which the land was sold. They were, therefore, material. Whether they were competent to establish the amount plaintiff was entitled to recover, on the supposition he could only recover the amount of the taxes and interest, is another question, which, not having been made below, cannot be made for the first time here.

We are unable to say the recovery is too large, because we cannot determine from the abstract the amount of taxes due at the time of the conveyance or tax sale. The District Court

could probably well do so, from the certificates which were before it. If this be not so, error must affirmatively appear, and it does not.

AFFIRMED.